**Dian L. HARDISON, Petitioner,**

v.

**NATIONAL AERONAUTICS AND SPACE ADMINISTRATION,
Respondent.**

No. 02–3299.

United States Court of Appeals,
Federal Circuit.

Aug. 2, 2002.

Before LOURIE, GAJARSA, and LINN, Circuit Judges.

ON MOTION

LOURIE, Circuit Judge.

*ORDER*

We treat the petition for review, faxed to the court by Dian L. Hardison, as a motion for leave to accept a faxed petition.

On January 17, 2002, the Merit Systems Petition Board denied Hardison's petition for review in her case. On March 4, 2002 and March 8, 2002, Hardison faxed petitions for review to this court. On March 21, 2002, this court rejected Hardison's

petitions, informing Hardison that pursuant to Fed. Cir. R. 25(b)(3), "[n]o document other than a motion, response to a motion, reply to a response, or letter may be filed or served by facsimile transmission." On March 26, 2002, Hardison responded by fax to this court's March 21 letter, arguing that information on this court's website allows her to file a petition via facsimile.

The notice on the court's website states:

*Notice:* Owing to difficulties with U.S. mail delivery the Court is deemed inaccessible, pursuant to Fed. R.App. P. 26(a)(3), until further notice.

U.S. Postal Service mail delivery to the Court is still experiencing difficulties and delays. Those who have alternative methods of communicating with and shipping documents to the Court may wish to use them pending the resolution of this problem.

The notice does not override this court's Rules of Practice. Instead, it encourages parties to use alternative methods of communicating with and shipping documents, rather than by mail. By deeming the court "inaccessible," the notice allows the court to accept for filing items that were mailed before the due date but were not received by this court by the due date. It also encourages use of commercial delivery services or personal delivery. More importantly, the methods of filing a document in a federal appellate court are governed by Fed. R.App. P. 25(a)(2)(A). That provision provides that "filing may be accomplished by mail addressed to the clerk, but filing is not timely unless the court receives the papers within the time fixed for filing." As noted earlier, Fed. Cir. R. 25(b)(3) states that "[n]o document other than a motion, response to a motion, reply to a response, or letter may be filed or served by facsimile transmission." Hardison's petition cannot be accepted for filing.

Without a properly filed petition for review, she has not timely filed in this court and her case must be dismissed.

Accordingly,

IT IS ORDERED THAT:

(1) Hardison's motion for leave to accept a faxed petition is denied.

(2) Hardison's petition is dismissed.

(3) Each side shall bear its own costs.